**In the Matter of Aldo CERATI,
Petition for Naturalization.**

**No. 128368.**

United States District Court
N. D. California, S. D.

Sept. 26, 1957.

Joseph S. Hertogs, Jackson & Hertogs, San Francisco, Cal., for the petitioner.

Daniel Lyons, Naturalization Examiner, San Francisco, Cal., for the Government.

GOODMAN, Chief Judge.

The Immigration and Naturalization Service recommends denial of the petition of Aldo Cerati for naturalization on the ground that he is statutorily ineligible for naturalization because he applied for and was granted exemption as an alien from service in the Armed Forces of the United States.

Petitioner is a native of Italy. In 1951, when he was 16 years of age he was admitted to the United States for permanent residence. On attaining his eighteenth birthday in June, 1953, he failed to register for the draft as required by the Universal Military Training and Service Act, 62 Stat. 604, 50 U.S.C.A. Appendix, § 451 et seq. and the regulations promulgated thereunder. On June 9, 1954, he registered with his local board, explaining that he had not previously been aware of his responsibilities under the Universal Military Training Act. Prosecution for the delinquent registration was declined by the United States Attorney upon the understanding that petitioner would accept immediate induction. Petitioner filed a request for immediate induction with his local board, and after examination, was advised by the board that he was acceptable for military service. A few days thereafter, petitioner applied for a deferment on the ground that he was an indispensable employee of his stepfather's business. The deferment was denied and he was ordered to report for induction on August 30, 1954. On that day he appeared with his stepfather and an attorney at the office of the local board and requested exemption from military service pursuant to a treaty between the United States and Italy. Petitioner's attention was called to Section 315 of the Immigration and Nationality Act of 1952, 66 Stat. 242, 8 U.S.C.A. § 1426 which provides that any alien who applies for and is granted exemption from service in the armed forces on the ground

that he is an alien shall be permanently ineligible for citizenship. Petitioner then executed Form C–294 "Application by Alien for Exemption from Military Service in the Armed Forces of the United States," on the face of which Section 315 is set forth in full. His local board thereafter exempted him from military service as an alien.

About a year and a half later, on January 31, 1956, petitioner filed with his local board a request for voluntary induction and a letter claiming that he had misunderstood his Application for Exemption from Military Service. In accordance with his request, petitioner was subsequently inducted into the United States Navy, in which he is now serving.

Petitioner urges that because of his present active service in the armed forces of the United States, Section 315 of the Immigration and Nationality Act of 1952 does not bar his naturalization.

Section 315 states that: "any alien who applies or has applied for exemption or discharge from training or service in the Armed Forces or in the National Security Training Corps of the United States on the ground that he is an alien, and is or was relieved or discharged from such training or service on such ground, shall be permanently ineligible to become a citizen of the United States." Petitioner falls squarely within the statute. He filed a considered application for exemption on the ground of alienage and on the strength of such application was relieved from service in the armed forces on the very day he had been ordered to report for induction.

The statute makes no provision for the restoration of eligibility for citizenship in the event an alien, who has been granted exemption from service, subsequently enters the armed forces. Nothing has been called to the attention of the Court which would indicate that the Congress intended that an exempted alien may regain his eligibility for citizenship by service in the armed forces at such time as he sees fit.

This is not a case of involuntary conduct held to be remediable in analogous situations arising under the immigration and nationality laws. e. g., Delgadillo v. Carmichael, 1947, 332 U.S. 388, 68 S.Ct. 10, 92 L.Ed. 17; Morizumi v. Acheson, D.C.N.D.Cal.1951, 101 F.Supp. 976. Nor, is it a case of action taken under a misapprehension of its consequences and promptly retracted. The facts of this case show that petitioner deliberately and consciously elected to take the step which shut the door to future citizenship. Thus Section 315 must be applied.

The petition of Aldo Cerati for naturalization is denied.